Storer *v.* Blake.

STORER, *Appellant, versus* BLAKE *& al.*

One died intestate, leaving several children, of whom J was one. J died intestate, of adult age, never having been married, and never having received his distributive share in his father's estate. *Held,* that share was payable, not to his brothers and sisters, as heirs of their father, but to the administrator of J.

APPEAL from a decree of the Judge of Probate.

Nathaniel Blake died in 1845, leaving eight children and heirs, of whom John Blake was one.

The appellant was administrator.

In 1846, the administrator was directed by the Probate Court, to pay to said heirs their respective proportions of the estate, each share being $2024,06.

John Blake left the State in 1839, having never been married. He was last heard from in 1840, being then in Tennessee. In January, 1849, the remaining heirs of Nathaniel Blake obtained a decree of the Judge of Probate, that the administrator pay to them the share, which had been awarded to John Blake.

From that decree, this appeal is taken.

*Fessenden,* for the appellant.

*Goodenow,* for the appellees.

HOWARD, J., orally. — The respondents claim as heirs of Nathaniel Blake.

There were no facts in the case, from which it could be adjudged that John Blake was dead at the time of his father's

decease.  Nor had any presumption to that effect arisen from lapse of time.  He must be considered as being *at · that time* in life, and as inheriting a share in his father's estate.  If the respondents would entitle themselves to that share, they must come in, not as the heirs of Nathaniel, but as the heirs of John Blake, and through his administrator.        *Decree reversed.*

On motion by the petitioner for cost, the court intimated that it might be deducted from the share in controversy.